UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAVEON COOK,

        Plaintiff,

        v.                                    Case No. 25-CV-1936

JENNIFER BIAS, et al.,

        Defendants.

---

## ORDER

---

Plaintiff Traveon Cook is representing himself in this 42 U.S.C. § 1983 action. On February 3, 2026, the Court screened and dismissed Plaintiff's complaint for failure to state a claim upon which relief can be granted. Dkt. No. 9. Judgment was entered the same day. Dkt. No. 10. On February 23, 2026, Plaintiff filed a notice of appeal and a motion for an extension of time, to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59, and for relief from judgment under Federal Rule of Civil Procedure 60.

Motions challenging the merits of the Court's ruling are considered under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Rule 59(e) motions request that the Court alter or amend judgments on the basis of a manifest error of law or newly discovered evidence. Fed. R. Civ. P. 59(e). A "manifest error" is not demonstrated by the disappointment of the losing party; it is the wholesale disregard, misapplication, or failure to recognize controlling precedent. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Rule 60(b), on the other hand, is "designed to address mistakes attributable to special circumstances, not to address erroneous applications of law." *Anderson v. Holy See*, 934 F. Supp. 2d 954, 958 (N.D. Ill. 2013). Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (internal citations omitted).

Plaintiff does not meet the standard for reconsideration under either Rule. Although Plaintiff requests that the Court alter or amend its judgment or, alternatively, seeks relief from the Court's judgment, he makes no argument to support his motion. Plaintiff has not offered any factual or legal argument to suggest that the Court's February 3, 2026 screening order was in error. Nor has Plaintiff demonstrated that any of the six grounds for relief from judgment identified in Rule 60(b) apply in this case. Because Plaintiff has not demonstrated that he is entitled to relief, the Court will deny his motion to alter or amend the judgment and for relief from judgment. *See* Fed. R. Civ. P. 62.1.

Plaintiff also requests a 120-day extension of time to review case law, obtain his credit report, and analyze his rights. The Court does not have the authority to extend Plaintiff's deadlines on appeal. Plaintiff may make his request directly to the Court of Appeals for the Seventh Circuit.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an extension of time, to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59, and for relief from judgment under Federal Rule of Civil Procedure 60 (Dkt. No. 12) is **DENIED**.

Dated at Green Bay, Wisconsin on February 26, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge